STATE, JOHN W. BOGERT, COLLECTOR OF THE COUNTY OF
BERGEN, PROSECUTOR, v. CHARLES MATHE, COLLECTOR
OF LODI TOWNSHIP.

Where, at the time a township collector came into office, the township was
delinquent in its payment of taxes to the county, and during each year
that he was in office he collected the amount ordered to be raised in
the township, and paid each year the amount so collected into the
hands of the county collector, and out of the taxes collected for his first
official year and paid into the county treasury, a sum equal to the
arrears of the preceding year was appropriated to cover such unpaid
taxes, and year by year, as the taxes were collected and paid in, a sum
was appropriated to cover the deficit of the year preceding; such dis-
position of the money being made under direction of the township com-
mittee.   *Held*, that the township collector was not liable for the mis-
appropriation, and the proper remedy is against the township and not
against the collector.

On *mandamus*.   On demurrer to return to alternative writ.

Argued at November Term, 1888, before BEASLEY, CHIEF
JUSTICE, and Justices VAN SYCKEL, KNAPP and GARRISON.

For the relator, *Campbell & De Baun*.

For the defendant, *Bedle, Muirheid & McGee*.

The opinion of the court was delivered by

KNAPP, J.   The relator demurs to the return made by the
defendant to the alternative writ of *mandamus*.

A few facts extracted from the somewhat lengthy answer
will present the questions for decision.

It is shown that the defendant, Mathe, was collector of the
township of Lodi from the spring of 1874 continuously until
the spring of 1884, when he ceased to hold the office.   It is
admitted that he collected the entire taxes ordered to be raised
in the township of Lodi for state and county purposes in the
year 1882, being the year in which the deficiency in the
amount returned is alleged to have occurred.

When he came into the office of collector, the township was delinquent in its payment of taxes to the county in a sum not less than the alleged deficiency of 1882. During each year that he was in office he collected the amount ordered to be raised in the township, and paid each year the amount so collected into the hands of the county collector. Out of the taxes collected for his first official year and paid into the county treasury, a sum equal to the arrears of the preceding year was appropriated to cover such unpaid tax, and so, year by year, as the taxes were collected and paid in, a sum was appropriated to cover the deficit of the year preceding. This disposition of the money was made under direction of the township committee of the township of Lodi, and it was by the county collector so applied. Of the taxes collected in 1881, a sum of $3,300 received by the county collector was appropriated to make up the alleged shortage of 1880, which left an unpaid amount of that same sum in 1881. In 1882 the county was proceeding against the township of Lodi for the deficiency of 1881, when the township committee again directed the said defendant to pay to the county collector, out of the taxes of 1882, this balance of 1881. The defendant paid to the county collector the entire taxes of 1882, out of which there was appropriated a sum equal to the amount left standing in 1881 to pay it, thus reducing the collector's credit for the year 1882, and, as the return states, "these moneys were all collected by the said Charles Mathe, collector, from the taxes of 1882, for the county, and the appropriation by the collector of the county of Bergen in connection with the township committee of Lodi toward the deficiency claimed by the said county for the year 1881, makes the deficiency claimed in these proceedings for the year 1882."

The quota of county taxes ordered to be assessed in the township for the year 1883 was collected by the defendant and paid over to the county without any special appropriation of any part of it to cover the gap left in 1882.

These proceedings were then instituted to compel the defendant to pay up this unpaid tax.

It thus appears that the defendant, during each year of his official career, has faithfully collected the taxes on his duplicate, and each year paid over to the county collector the amount of money to which the county by its demand was entitled.

He has neither wasted nor appropriated to his own use any of the moneys so collected. He has no funds of the township in his hands, nor any means by which he may come to be possessed of such moneys, yet he is asked out of his own funds to make up this delinquency of the township.

This demand has so little show of fairness in it, and so much of apparent hardship, that a peremptory *mandamus* enforcing it should be refused, unless we are bound up to it by inflexible rules of law. It is quite plain that his liability to pay must arise, if at all, because of his acquiescence in the illegal adjustment of credits already specified, for as already stated, it clearly appears that the county treasury has received from his hands in each year the amount of taxes which it was authorized to receive and he obliged to pay. This is true of the year 1882 as of the other years of his office.

The township collector and the county collector are both public officers and public agents. There is not between them the relation of private debtor and creditor, nor do they deal with each other as such. The statute points out clearly the powers and duties of each, a knowledge of which they are presumed to possess.

The township collector, when the tax duplicate is handed over to him, is by law the officer to receive all the taxes of whatever sort assessed within his township. As to so much of it as is raised upon requisition either of the state or county, he is required to pay to the collector of the county on or before the 26th day of December in every year. Act concerning taxes, *Rev., p.* 1142, § 11.

By the eighty-third section it is made the duty of the collectors of the townships, &c., in the state, " out of the first moneys which shall be collected by them, to pay to the county collector of the county in which they hold their offices the

state and county taxes required to be assessed in their several townships at the time required by law to pay the same."

These taxes, when so received by the county collector, are to be applied in payment of the state quota, that which belongs to the county to be paid out upon the order of the board of freeholders. The law conferred upon neither of these officers, nor upon them conjointly, the power to make any appropriation of the taxes so paid over, other than that prescribed by statute. The township committee were equally without such authority.

When, in 1882, the township collector brought his moneys to the county collector, they aggregated the taxes ordered for the year, and from the return to the writ it would appear that both township and county officers knew this money was raised for the taxes of that year.

It was the natural and proper inference that the payment so made was the product of the taxes of that year.

Regardless of the wishes of the town committee, the legal course was to credit the township with payment on that account. Now, whence arose the right to say that that fund, which the law in effect declared paid the quota of taxes for that year, should be applied to another and different purpose?

The township committee of Lodi township had no power to divert these taxes from their legal purpose. Such diversion could not be effected except by the joint concurrence of the two officers, and for that authority in them was wanting.

The money from the township had reached the proper custodian, and without any act of theirs by law the money would have paid the township's quota of state and county taxes.

To credit elsewhere was to misapply the payment. It cannot properly be said that the misappropriation was the sole act of the respondent, for without the concurrence of the relator the credit to balance of 1881 could not have been made.

If these officers had not the power legally to make the arrangement which they designed and attempted to execute, and I think they had not, it must follow, as a legal result, that the

payment made by the respondent was in settlement of the state and county taxes for that year.

That the same course of practice had been pursued between the township and county for years cannot affect the principle or the result.

The delinquency on the part of the township which existed for years, and was known to exist, should not have been temporized with as it was. The county was not without a remedy against the township, where the real fault lay, and this remedy it should have pursued, rather than that of taking from the pockets of an officer, who seemed disposed to do his duty, his private moneys, to make good this public default.

The proper remedy is against the township and not against this officer.

The fault which originated the error was with the township, not with the financial officers.

Whether the proceedings in this case are in such form as to enable us under it to reach the township and compel the assessment of these unpaid amounts, it is impossible now to say from the meagre character of the record before us. If they are properly framed to permit a pursuit of the township, further steps in that direction will be open to the relator.

The demurrer to the return is overruled, and the peremptory *mandamus* is denied.